In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO.  09-12-00552-CV

**KAREN WILLIAMSON, Appellant**

**V.**

**OPAL FARTHING, LOIS HESSER, LISA GALLOWAY, FLO WARREN AND CONNIE HENDRICKS, Appellees**

**On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 10-02-01875 CV**

**ORDER**

Karen Williamson filed an affidavit of indigence in the appellate court and requested that a clerk's record and a reporter's record be prepared.  *See* TEX. R. APP. P. 20.1(c)(1),(3).  The appellees filed a contest.  *See* TEX. R. APP. P. 20.1(e).  When an affidavit of indigence is filed in the appellate court and a contest is filed, the Court may refer the matter to the trial court.  *See* TEX. R. APP. P. 20.1(h)(4).

It is, therefore, ORDERED that the appeal is abated and the case is remanded to the trial court for a determination of the appellant's indigence.  The trial court shall hear

1

evidence and grant the appropriate relief. *See* TEX. R. APP. P. 20.1(h)(4). The trial court shall set a hearing and notify the parties and the court reporter of the setting, and shall either conduct a hearing within ten days of receiving the referred contest from this Court or within that time sign an order extending the hearing date for not more than twenty days. *See* TEX. R. APP. P. 20.1(i) (1), (2)(B), (3). Unless the trial court signs an order sustaining the contest within the period set for the hearing, the affidavit's allegations will be deemed true. *See* TEX. R. APP. P. 20.1(i)(4). A supplemental clerk's record containing any orders signed by the trial court in connection with the contest and any documents filed with the trial court in connection with the contest, together with a reporter's record of any hearing conducted pursuant to this Order, shall be filed with the Court of Appeals by April 1, 2013.

ORDER ENTERED February 28, 2013.

PER CURIAM

Before McKeithen, C.J., Gaultney and Horton, JJ.

2